Fred Butterfield & Co., Inc., Respondent, v. Abraham & Straus, Inc., Appellant.

First Department, March 20, 1925.

Trade-marks and trade names — unfair competition — action to restrain defendant from using word "Normandy" in connection with voile fabrics which are not made by plaintiff — no evidence of unfairness on part of defendant — plaintiff not entitled to exclusive use of "Normandy" as common-law trade-mark — trade-mark was not registered — plaintiff not entitled to injunction.

The plaintiff is not entitled to an injunction to restrain defendant from using the word "Normandy" in connection with the sale of voile fabrics, since the evidence establishes that the defendant was not aware that the plaintiff had the exclusive right or claimed that it had the exclusive right to use the word, and as soon as it was informed of plaintiff's intention, ceased to advertise goods under that name, so that there was no basis for unfair competition, and for the further reason that the word "Normandy," which was not registered as a trade-mark, cannot be exclusively appropriated by the plaintiff as a common-law trade-mark, since it is a geographical term, and, even though it may have acquired a secondary meaning in connection with plaintiff's cloth, this does not make it a valid common-law trade mark.

APPEAL by the defendant, Abraham & Straus, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of March, 1924, upon the decision of the court rendered after a trial at the New York Special Term.

Said judgment decreed that the plaintiff is entitled to the exclusive use of the word "Normandy" as applied to voile fabrics, that defendant infringed such trade-mark, and enjoined defendant from selling fabrics as such voile unless they are plaintiff's genuine "Normandy" fabric.

*Wise & Seligsberg* [*Leon Lauterstein* of counsel; *Edmond E. Wise* and *Avrom M. Jacobs* with him on the brief], for the appellant.

*A. P. Bachman* [*Charles G. Hensley* with him on the brief], for the respondent.

McAvoy, J.:

Plaintiff is engaged in the business of selling cotton fabrics known in the trade as "Normandy voile." The defendant, on or about the 8th of May, 1923, sold under the heading of "Girls' Normandy Voile Dresses," as advertised in the New York Evening *Journal*, certain dresses at the retail price of three dollars and ninety-five cents each, and on May ninth and tenth continued the sale of such dresses which were referred to as made of genuine

Normandy fabric, but which were made of a fabric in imitation of the Normandy type. Plaintiff does not manufacture the fabric into garments, but sells its product in piece goods to manufacturers and jobbers and other dealers in this character of merchandise. Defendant operates a department store in Brooklyn where merchandise is sold at retail, including a department where manufactured dresses are sold.

Plaintiff claims that it invented the name " Normandy " as applied to voile, and that this name became known throughout the trade and to the buying public in general as meaning a voile fabric of high excellence, unique manufacture and distinctive attractiveness as a dress material. The plaintiff claims that when defendant advertised on May 8, 1923, this sale of " Girls' Normandy Voile Dresses," the defendant intended to have the buying public believe that the dresses were made of fabric manufactured by plaintiff, whereas such fabric was not so manufactured by plaintiff, and this use of the term " Normandy " as applied to the fabric in defendant's dresses was an infringement of plaintiff's trade-mark rights in the name of " Normandy " and was in unfair competition with plaintiff and the users and sellers of its genuine " Normandy " voile fabric.

The defendant asserts that the claim of plaintiff to an exclusive appropriation of the name of " Normandy " is without foundation, and denies that there is any secondary meaning to the term " Normandy " which makes it applicable to the fabric manufactured exclusively by the plaintiff. It admits that the name " Normandy " in the trade has a meaning as voile fabric for dress material and that it possesses a distinctive quality in that its dots will not wash out; but asserts that such fabric is made by various manufacturers. It is admitted that on May 8, 1923, it published the advertisement in question about which plaintiff complains and that fifty of the dresses referred to in the advertisement were sold on May ninth. It denies that it intended to deceive the public into believing that the dresses referred to were made of fabric manufactured by plaintiff, and denies that it continued to sell the dresses advertised as containing the Normandy fabric, and also denies any infringement of trade-mark rights in the name " Normandy " belonging to plaintiff. It also claims to have advertised the matter complained of in good faith and in reliance upon the representation made to defendant by the manufacturer from whom defendant purchased the dresses that the dresses were in fact made of the material known in the trade as " Normandy voile." It sets forth that on May 9, 1923, immediately upon service of the summons

and complaint, which was the first notice that the defendant received of any claim made by plaintiff of an exclusive right to the use of said name of " Normandy voile," defendant immediately ceased to advertise or offer the said dresses for sale as " Normandy voile," and upon receipt of the notice, and without regard to whether the plaintiff's claim was valid or not, defendant communicated to plaintiff that the advertisement and sale of the dresses as " Normandy voile " had been discontinued and would not be further carried on; and it alleges that since notice of plaintiff's claim defendant has in fact ceased to advertise or offer said dresses for sale as " Normandy voile," and does not intend to advertise or sell the same under said name hereafter.

The learned trial court, although granting an injunction, held that there was no proof of damages; that there was no satisfactory proof of unfair competition as claimed in the complaint; and that the defendant acted in good faith in connection with the sale of the dresses.

There was no testimony offered by plaintiff on the trial by any manufacturer, retail dealer, dressmaker, salesperson, buyer of goods or any other person who would be expected to know of the fact, to show that in May, 1923, the name " Normandy " was known to the buying public in general, or even among dress manufacturers and dealers, as the name of a fabric manufactured by plaintiff exclusively. The only testimony relating to the name was given by the plaintiff's vice-president, who said that in September, 1916, plaintiff attached a hanging ticket to pieces of dotted voile, an ordinary product, bearing the name " Normandy." Plaintiff's name was not printed on the hang ticket attached to goods in the piece until August, 1921. In July, 1921, the selvedge on the piece goods was marked with the word. In April, 1922, printed labels bearing the word were given to dress manufacturers purchasing the material from plaintiff. There was no proof, however, that manufacturers using the material had plaintiff's label to show by whom the material was manufactured.

It is admitted here that the first notice to defendant of any exclusive claim by plaintiff to the words " Normandy fabric " and of the alleged infringement by defendant was the service of the summons and complaint on May 11, 1923. It was also proven that the suit was begun without warning, despite the fact that defendant had long been a satisfactory customer of plaintiff's; and that thereafter defendant's vice-president directed that the dresses, of which only 58 of the 517 purchased had been sold, be removed from sale, and after the complaint was served no dresses were sold, offered or advertised by defendant as made of Normandy voile,

The learned trial court, having found no unfair competition, and, indeed, having found good faith in defendant, bases its injunction solely on the ground that plaintiff has a common-law trade-mark in a word which is a geographical name, on the theory that the word has come to have a secondary meaning with respect to the product. Although this secondary meaning relates to the nature and quality of the product, and is not used to denote plaintiff's manufacture exclusively, the learned trial court nevertheless concludes that the use of the term by others than plaintiff violates the common-law trade-mark rights of plaintiff.

We do not think that the word " Normandy " can be exclusively appropriated as a common-law trade-mark. The fact that it is a geographical term prevents such appropriation. Even though it may have acquired a secondary meaning in connection with plaintiff's fabric, this does not constitute it a valid trade-mark at common law. In any case in which a geographical term is used and an appropriation of that term made to an article manufactured or sold by a party, relief against a person using such name to the detriment of another must be afforded, not on the ground of trade-mark, but upon that of unfair competition. The learned court below, having found good faith in defendant, could not have found any unfair competition; and since the secondary meaning found related to the nature of the product, and not to plaintiff's manufacture exclusively, the action could not be maintained upon the theory that a secondary meaning had been acquired through the use of the name and that this would be an infringement of its use by defendant.

The three bases upon which restraint of another may be had who attempts to interfere with an exclusive right established to the use of a name to distinguish or denote goods or merchandise, are: Common-law trade-marks, unfair competition, and statutory registration. As to each of these grounds of relief we find this situation in this cause: There is no common-law trade-mark possible in the use of the word " Normandy " by reason of its lack of inherent application to particular styles of goods as exclusive in manufacture or description because of its geographical nature. Although not political, the name is now descriptive of a recognized locality. Unfair competition cannot be the basis of the decree, because to make out a case of unfair competition there must be a wrongful, fraudulent and actual intention to deceive the public by causing it to believe that the goods of one party are the goods of another through duplication in the form and dress of the one by the other, which is found calculated to bring this deception about and of which the party complained against is convicted of being

willing to have the benefit. This element has been affirmatively found by the court not to exist.

As to the third ground of relief, that of statutory registration, there was no registration in this trade-mark until after the cause of action began, and then only on the consent of the previous registrant known as Lancaster Mills, which withdrew its earlier registration of the word " Normandie."

We think the judgment should be reversed, with costs, and the complaint dismissed, with costs.

Dowling, Merrell, Finch and Martin, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.